# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



**Supreme Court of Kentucky**

2014-SC-000546-MR

DATE 10-15-15 Ew+Growth Pc.

BASS WEBB        APPELLANT

|  |  |
|---|---|
| V. | ON APPEAL FROM BOURBON CIRCUIT COURT<br>HONORABLE JEAN CHENAULT LOGUE, JUDGE<br>NO. 09-CR-00109 |

COMMONWEALTH OF KENTUCKY        APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Bass Webb appeals as a matter of right from a Judgment of the Bourbon Circuit Court sentencing him to thirty-seven years in prison for two counts of attempted murder, and for being a Persistent Felony Offender ("PFO") in the first degree. Ky. Const. § 110(2)(b). On appeal, Webb contends that the Commonwealth engaged in prosecutorial misconduct during its closing argument, rendering his sentencing proceedings fundamentally unfair. For reasons explained fully herein, we now affirm the sentence of the Bourbon Circuit Court.

### RELEVANT FACTS

Bass Webb was indicted by a Bourbon County grand jury on two counts of attempted murder and first-degree PFO for striking two men with his car in the parking lot of the Bourbon County Detention Center. Webb was convicted and sentenced to fifty years in prison. On appeal in 2012, this Court held that

the Commonwealth violated the provisions of KRS 532.055 when it revealed improper information about Webb's past crimes and prior victims during his sentencing phase. *Webb v. Commonwealth*, 387 S.W.3d 319, 329 (Ky. 2012). We affirmed Webb's convictions, but vacated his sentence and remanded for a new sentencing phase.

Webb's resentencing commenced on March 17, 2014. The Commonwealth played taped testimony of various individuals who witnessed Webb ram his vehicle into the two victims, pinning them against a wall. After deliberating, the jury recommended that Webb be sentenced to a total of thirty-seven years in prison, and the trial court sentenced Webb accordingly. This appeal followed.

## ANALYSIS

The single issue Webb raises on appeal concerns the Commonwealth's closing argument during his 2014 sentencing proceeding. Webb maintains that two comments made by the prosecutor constituted flagrant prosecutorial misconduct which rendered the proceeding fundamentally unfair. He urges this Court to reverse his sentence and remand the matter to the trial court for another new sentencing phase. Upon review, we conclude that the statements made during the Commonwealth's closing argument fell well within the range of permissible closing argument rhetoric, and do not rise to the level of prosecutorial misconduct.

During the Commonwealth's closing argument, the prosecutor remarked that on the day of the vehicular assault, Webb felt "worthless, [was] thinking he

2

wanted to die, [was] having a bad day of sorts." On appeal, Webb asserts that the reference to "having a bad day" unfairly denigrated Webb's mental state in such a way that the jury was unable to consider any mitigation evidence. He also challenges a statement made by the prosecutor concerning the jury's role in sentencing, specifically: "How long he's going to stay there, that's what you all decide." Webb now alleges that these remarks constituted prosecutorial misconduct for which reversal is the only remedy.

The issue is unpreserved, and Webb requests palpable error review pursuant RCr 10.26.[1] When a party raises an unpreserved allegation of prosecutorial misconduct, we will reverse only where flagrant misconduct of the prosecutor rendered the trial fundamentally unfair. *Duncan v. Commonwealth*, 322 S.W.3d 81, 87 (Ky. 2010). To that end, this Court must conclude that in light of all of the proof, the prosecutor's conduct was not harmless, and that the defect could not have been cured by an admonition. *Id.* Therefore, we must assess "the overall fairness of the entire trial" in order to reach our determination as to prosecutorial misconduct. *Noakes v. Commonwealth*, 354 S.W.3d 116, 121 (Ky. 2011) (internal citations omitted).

Having reviewed the record, we agree that the Commonwealth did not engage in prosecutorial misconduct culminating in palpable error. The

---

[1] "A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." RCr 10.26; *see also Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013).

3

prosecutor's comment that Webb was "having a bad day of sorts" in no way undermined the fundamental fairness of the sentencing proceeding. In fact, it is difficult to perceive how the comment would have prevented the jury from considering mitigation evidence in the way that Webb now insists it did. The statement reflected Webb's suicidal state of mind on the day of the attack—a fact that was further supported by evidence of Webb's comments to arresting officers that he wished to die. In the context of the entire statement, the remark that Webb was "having a bad day" was not so flippant or derisive as to constitute palpable misconduct. In fact, we have declined to find misconduct where the prosecutor's comments or tactics have been arguably much worse. *See Ragland v. Commonwealth*, 191 S.W.3d 569 (Ky. 2006) (prosecutor's statement regarding the defendant's failure to testify was not improper); *Brewer v. Commonwealth*, 206 S.W.3d 313 (Ky. 2006) (no prosecutorial misconduct where prosecutor urged the jury to "send a message"); *Vincent v. Commonwealth*, 281 S.W.3d 785 (Ky. 2009) (prosecutor's personal impression of defendant's guilt was not improper).

Even if we assume that the jury was somehow affected by this offhand remark, the Commonwealth was entitled to introduce evidence aimed at rebutting mitigation evidence offered by the defense. *Ordway v. Commonwealth*, 391 S.W.3d 762, 786 (Ky. 2013). Furthermore, counsel is afforded "wide latitude" in making closing statements. *Brewer v. Commonwealth*, 206 S.W.3d 343 (Ky. 2006). The comment was neither facially

4

inflammatory, nor was it clearly calculated to denigrate Webb's mental state and thus improperly influence the jury.

As for the second issue on appeal, the prosecutor's statement that it was up to the jury to "decide" the length of Webb's sentence, that statement clearly did not rise to the level of prosecutorial misconduct. Despite Webb's argument to the contrary, the remark did not constitute an improper comment concerning parole eligibility—rather, the prosecutor succinctly recounted the duty of the jury to determine Webb's sentence. Not only was the "you all decide" comment an accurate statement of the law,[2] the comment simply did not rise to the level of flagrant overreaching that can be the basis for reversal by this Court on prosecutorial misconduct grounds. *See Duncan,* 322 S.W.3d at 88 (a gross mischaracterization of DNA evidence constituted prosecutorial misconduct resulting in palpable error). As it were, Webb's 2014 sentence was thirteen years *less* than his original sentence. Having already heard truth-in-sentencing evidence, including parole eligibility guidelines, it is simply unreasonable to presume that the jury in this new sentencing phase was improperly influenced by the prosecutor's comment. As Webb has utterly failed to explain how these brief and innocuous statements rendered the proceeding fundamentally unfair, we agree that he is not entitled to the relief he requests.

---

[2] This Court has repeatedly held that it is improper to diminish the jury's responsibility by using the phrase "recommend" when instructing the jury to fix a defendant's sentence. *See Ward v. Commonwealth,* 695 S.W.2d 404, 407 (Ky. 1985); *Tamme v. Commonwealth,* 759 S.W.2d 51 (Ky. 1988); *Grooms v. Commonwealth,* 756 S.W.2d 131 (Ky. 1988).

## **CONCLUSION**

For the foregoing reasons, we affirm the sentence of the Bourbon Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Julia Karol Pearson
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Jack Conway, Attorney General of Kentucky

David Wayne Barr
Assistant Attorney General
Office of the Attorney General